AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) Case No. | **14-2035 BPG** |
| STACEYANN GRAHL | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___June 17, 2014___ in the county of ___Howard___ in the
_____ District of ___Maryland___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Sec. 841 | Distribute of Heroin, a Schedule I controlled substance |

FILED _____ ENTERED
LODGED _____ RECEIVED

SEP 11 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

TFO Zachary Cerrone, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___9-11-14___

_____
Judge's signature

City and state: ___Baltimore, Maryland___    Beth P. Gesner, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINE

Your affiant, Task Force Officer Zachary Cerrone, being duly sworn, does depose and state the following:

1. I am a Detective with the Howard County Police Department and have been so employed since 2006. After six months of training I was assigned to the patrol division where I worked for approximately three years. In January of 2009 I was assigned to the Narcotics Division of the Howard County Police Department. While assigned to the Narcotics Division my primary focus was to investigate subjects distributing controlled dangerous substances. I have attended multiple schools and training courses related to the use, distribution and trafficking of controlled dangerous substances. Through my investigations, I have become familiar with and used a number of investigative techniques; I have conducted interviews with confidential informants and evaluated that information; I have become familiar with the methods, devices, and modus operandi of persons and organizations that illegally distribute controlled substances; and have become familiar with techniques of concealment, packaging and sales, as well as the street terminology used to in the distribution of controlled substances. I have assisted with approximately ten Title III (Wire Tap) investigations related to drug and gang organizations at both the state and federal levels, and have reviewed the interception of communications between drug traffickers. I have been deputized as a Task Force Office with the Federal Bureau of Investigation (FBI). I have been qualified as expert related to the use, distribution, trafficking, identification, and manufacturing of controlled substances and the dialogue of subjects involved with controlled substances in Howard County District and Circuit Courts and Baltimore County Circuit Court.

2. This Affidavit is made for the limited purpose of establishing probable cause in

1

support of a Criminal Complaint alleging that Staceyann GRAHL (GRAHL) distributed controlled substances on or about June 17, 2014, in violation of Title 21 of the United States Code Section 841. Because this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the individuals, and the events described herein.

3. Beginning in January of 2014, the FBI and Howard County Police Department (law enforcement) began investigating a drug trafficking organization that operated in Howard County Maryland. As part of that investigation, law enforcement was able to obtain authority to intercept the wire and electronic communication occurring over a cellular telephone utilized by GRAHL. During the course of the investigation, I determined that GRAHL, on a daily basis, would be contacted by various heroin customers over this cellular telephone. These customers would then ask to purchase quantities of heroin from GRAHL. GRAHL would then meet with these customers for a brief period of time (generally on parking lots of retail establishments and/or restaurants), and provide the caller/customer with user or wholesale quantities of heroin. At various times during the investigation, in conjunction with the monitoring of conversations over GRAHL's cellular phone, law enforcement was able to observe either what they believed to be GRAHL distributing controlled substances to these customers, or to stop these customers after meeting with GRAHL and recover heroin from them.

4. On June 17, 2014, I was monitoring the court ordered interception of wire and electronic communication occurring over GRAHL's phone. At approximately 8:00 pm, GRAHL received a telephone call from Kathryn Sasko, whom I had previously identified from prior contacts as a potential heroin customer of GRAHL's. During the conversation, GRAHL stated,

"hey I'm on my way out to Columbia, it will probably take me about 20 - 30 minutes though and I am going to the Best Buy." Sasko replied, "Okay cool." GRAHL then asked, "How many do you want?" And Sasko replied, "Ah, 2." Based upon my training and experience, I believed that Sasko wanted to purchase two unit of heroin from GRAHL, and that the two (GRAHL and Sasko) were going to meet at the Best Buy located at 8251 Gateway Overlook Drive in Elkridge, Howard County, Maryland (a location where GRAHL had previously been observed conducting drug transactions with other customers) to complete the transaction.

5. At approximately 8:35 pm, GRAHL was observed parking her silver Saturn, bearing Maryland registration 7BA1593, in a space in the rear parking lot of the Best Buy at the above described location. At approximately 8:39 pm, Sasko called GRAHL and advised her that she (Sasko) was close to her (GRAHL's) location. At approximately 8:42, a white Chevy Lumina entered the Best Buy parking lot and parked next to GRAHL's Saturn. Sasko exited the Chevy and briefly enter GRAHL's Saturn. Sasko then exited GRAHL's vehicle returned to her car and left the lot.

6. After being followed away from the meeting by surveillance agents, Sasko was stopped by a uniformed Howard County officer at the intersection of Thunder Hill Road and Route 175 for various traffic infractions that the officer observed. During a search of Sasko's vehicle, a cigarette pack was found inside the vehicle. Inside of the cigarette pack were two green plastic baggies containing heroin, which is similar to packaging material that had been recovered from other individuals that had met GRAHL.

7. Based upon my training and experience; the brief period of the meeting between Sasko and GRAHL, and the conversations between GRAHL and Sasko prior to the meeting, I believe that probable cause exists that GRAHL distributed the two green baggies of heroin, a

schedule I controlled substance, to Sasko during their meeting at the Best Buy in Howard County, Maryland, which is a violation of Title 21 of the United States Code Section 846.

_____
TFO Zachary Cerrone, FBI

Sworn to and subscribed before me this 11th day of September, 2014.

_____
Beth P. Gesner
United States Magistrate Judge